# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMES H. HOWELL, ET AL. | * | |
| | * | |
| v. | * | Civil No. – JFM-16-344 |
| | * | |
| TEAMSTERS LOCAL NO. 639, ET AL. | * | |

******

## MEMORANDUM

James H. Howell, Robert S. Marshall, Glenroy Schissler and Richard A. Young have brought this *pro* se action against Teamsters 639 Employers Pension Trust Fund, the Joint Board of Trustees of Teamsters 639 Employers Pension Trust Fund, the Administrators and Officers of Teamsters 639 Employers Trust Fund, Teamsters Local Union 639, International Brotherhood of Teamsters, Eliot M. Wagonheim, and Wagonheim & Associaties, LLC. Plaintiffs allege that they were shorted in the amounts that they have been granted as pension funds and that Wagonheim, who represented them in a prior suit before Judge Quarles, was a co-conspirator in the denial of their proper benefits. Defendants have filed motions to dismiss. The motions will be granted.

As indicated, plaintiffs filed a prior action against the Union defendants that was assigned to Judge Quarles. Judge Quarles, in an opinion that was affirmed by the Fourth Circuit, denied their claims that essentially mirrored the claims asserted in this action.

Plaintiffs' claims against the 639 Teamsters are barred by the doctrine of res judicata. They raise, or could have raised, the claims asserted in this action in the previous action that they instituted. Thus, their claims are barred by the doctrine of claims preclusion. *See Pueshel v. United States*, 369 F.3d 345 (4th Cir. 2004).

Plaintiffs' claims against Wagonheim and his law firm are also barred by the doctrine of claims preclusion. Plaintiffs instituted a prior malpractice action against Wagonheim in the Circuit Court for Baltimore County, Maryland alleging that he committed malpractice. The Circuit Court dismissed that action, and its opinion was ultimately affirmed by the Court of Special Appeals. The facts alleged in the complaint in this action were known to plaintiffs when they filed the malpractice action.

Plaintiffs' claims were also barred by the statute of limitations. The claims arose in 1982, and obviously are barred now.[1]

A separate order granting defendants' motions to dismiss is being entered herewith.

Date: 9/8/16

J. Frederick Motz
United States District Judge

---

[1] Because the claims preclusion and limitations issues are so clear, I decline to address the question of whether plaintiffs have stated any claim upon which relief can be granted against any of the defendants.